# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **Cristina Harrison,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**Liberty Mutual Insurance Company,**<br><br>　　　　Defendants. | Case No. 4:25-cv-703<br><br>**COMPLAINT – CLASS ACTION**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.　　As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Pol. Consultants*, 591 U.S. 610, 613 (2020).

2.　　Defendant Liberty Mutual Insurance Company ("Liberty Mutual") has contributed to this barrage of telephone spam by initiating prerecorded calls to Plaintiff Cristina Harrison ("Harrison") without consent.

3.　　Harrison wants this telephone spam to stop. Many others do as well.

4.　　Liberty Mutual has been sued at least 15 other times for violations of the TCPA, but that has not caused Liberty Mutual to stop spamming.

5.　　Harrison brings this action individually and on behalf of a putative class.

## JURISDICTION AND VENUE

6.　　This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C § 227.

7.　　This Court has personal jurisdiction over Liberty Mutual because it targeted its calls into Texas. Specifically, Liberty Mutual initiated or directed the transmission of calls to

Harrison's cellular telephone number in Texas. Liberty Mutual markets its products to individuals in every state including Texas. Two of Liberty Mutual's previous TCPA lawsuits were filed in federal district courts in Texas for calls into Texas. Further, Harrison's phone number has a 214-area code, which is a Texas area code. Thus, Liberty Mutual knew, or constructively knew, that its calls were being made to Texas.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of events giving rise to this lawsuit occurred in this district and Harrison resides in this district.

## PARTIES

9. Plaintiff Cristina Harrison is a citizen of Texas, residing in the city of Haslet, Texas.

10. Defendant Liberty Mutual Insurance Company is a Massachusetts limited liability company with its principal place of business in Boston, Massachusetts.

## FACTUAL ALLEGATIONS

11. Harrison is the telephone subscriber of the cell phone number 214-635-8918.

12. Harrison never provided this number to Liberty Mutual, never had a relationship with Liberty Mutual, and never gave permission for Liberty Mutual to call him.

13. Despite this, Liberty Mutual called Harrison on February 25, 2025 from 803-875-5575.

14. Harrison did not answer this call and a voicemail was left.

15. The voicemail said: "Calling in regards to your request for an auto insurance quote. If you are ready to connect with an agent to go over the details, press 1. Press 2 if you'd like to schedule a call for later. If you are no longer interested press 9 and we won't call again. You can also call 888-475-4204 to be removed from our list. Hello this is Liberty Mutual calling in regards to your request for an auto insurance quote. If you are ready to connect with an agent

to go over the details, press 1. Press 2 if you'd like to schedule a call for later. If you are no longer interested press 9 and we won't call again."

16. The caller used a prerecorded voice on this call.

17. Or the caller used an artificial voice on this call.

18. This is clear based on the instruction to "press 1" or "press 2" to proceed. This is only something a prerecorded or artificial voice would do, not a live person.

19. The voicemail says it was "Liberty Mutual" who was calling.

20. Liberty Mutual made this call.

21. The purpose of this call was to sell auto insurance.

22. Or the purpose of this call was to connect Harrison with an agent who in turn may sell insurance.

23. The voicemail insinuated that Harrison made a prior inquiry by saying "this is Liberty Mutual calling in regards to your request for an auto insurance quote." But, this is made up simply to make it appear like Liberty Mutual had consent. There was no consent or request by Harrison for Liberty Mutual to call.

24. Liberty Mutual made at least two additional calls and sent at least four text messages from 803-875-5575 to Harrison. The text messages all said they were from "Liberty Mutual."

25. Liberty Mutual's calls are a nuisance and annoyance to Harrison. The calls have invaded Harrison's privacy. These calls disrupted Harrison's daily life. And the spam has diminished the value of Harrison's phone.

## LEGAL STANDARD

26. **Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using an "artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1)-(2). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." *Id*.

3

## CLASS ACTION ALLEGATIONS

27. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Harrison brings this action on behalf of all other persons similarly situated throughout the United States. Harrison proposes the following Class:

> **Prerecorded Voice Class**
> All persons in the United States (1) who are not Liberty Mutual customers, (2) whom Liberty Mutual called or caused to be called using a prerecorded or artificial voice, (3) on their cell phone, (4) within the four years prior to the filing of this action through the date class notice is sent.

28. There are thousands, if not millions, of people in this class, thus making joinder impracticable.

29. There are questions of law and fact common to Harrison and the class including but not limited to:

   i. Whether Liberty Mutual made the calls;

   ii. Whether the calls used an artificial or prerecorded voice;

   iii. Whether Liberty Mutual had prior express written consent for the calls;

   iv. Whether the calls constitute telemarketing;

   v. Whether an emergency exception applies to the calls;

30. Harrison's claim is typical of the claims of the class members. Harrison and the class have all been injured by the same course of conduct by Liberty Mutual.

31. Harrison is an adequate representative of the class because Harrison's interests do not conflict with the interests of the class members, Harrison will fairly and adequately protect the interests of the class members, and Harrison is represented by counsel skilled and experienced in class actions, including TCPA class actions.

32. Common questions of law and fact predominate over questions affecting only individual class members.

33. Management of this claim is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members

can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

34. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
### On Behalf of Harrison and the Prerecorded Voice Class

35. Liberty Mutual violated 47 C.F.R. § 64.1200(a)(1)-(2) by initiating, or causing to be initiated, calls using a prerecorded or artificial voice, without prior express written consent or an emergency purpose, when calling Harrison and members of the Prerecorded Voice Class.

36. Harrison and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

37. The Court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id*.

## RELIEF REQUESTED

38. Harrison respectfully requests the Court grant the following relief.

   i. Certification of the proposed Class;
   ii. Appointment of Harrison as class representative;
   iii. Appointment of The HQ Firm, P.C. as class counsel;
   iv. An award of damages to Harrison and class members, as allowed by law;
   v. An award of fees, costs, and interest, as allowed by law; and
   vi. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Harrison requests a jury trial as to all claims of the Complaint so triable.

| | |
|---|---|
| Dated: July 3, 2025 | /s/ *Alexander Hood* |
| | Alexander Hood |
| | Texas Bar No. 24137602 |
| | The HQ Firm, P.C. |
| | 7533 S Center View CT #4424 |
| | West Jordan, UT 84084 |
| | 385-440-4126 |
| | Alexander.Hood@thehqfirm.com |
| | |
| | *Attorney for Plaintiff and the Proposed Class* |